UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| **Devon Seivers,** | Court File No.: 09-CV-0816 (DSD/SER) |
| **Plaintiff,** | |
| v. | |
| | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE** |
| **City of Minneapolis, Minneapolis Police Officers James Bulleigh (Badge #08060) and Daniel Lysholm (Badge #4309), both individually and officially, John Does and other unnamed Police Officers, and Timothy Dolan, Chief of Minneapolis Police, personally and individually,** | |
| **Defendants.** | |

_____

Defendants respectfully submit this memorandum of law in support of their motions in limine.

**I.    Evidence regarding personnel files, discipline files, and general internal affairs files and summaries, and other uses of force should be excluded.**

The Plaintiff may seek to introduce portions of the personnel or disciplinary files of Defendant officers. During the course of discovery in this case, Plaintiff asked about complaints or charges filed against Defendant officers and other complaints with the Minneapolis Police Department Internal Affairs

and the Police Civilian Review Authority. The Court should exclude any evidence of these complaints, review of Defendant officers' conduct, and agency summaries.

Evidence of past misconduct to prove character and propensities is inadmissible under Rule 404(a) of the Federal Rules of Evidence. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992). In addition, Rule 403 would exclude this evidence due to its unfair prejudice and inflammatory effect upon the jury. The evidence would be irrelevant and highly prejudicial; it would tempt the jury to consider evidence of each officer's past misconduct as an indication of their propensity to be violent. The jury could conclude that the officers acted in conformity with this character when dealing with the Plaintiff.

Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action and conformity therewith. In *Morgan v. City of Marmaduke, Ark.*, 958 F.2d 207 (8th Cir. 1992), a police officer crashed his vehicle into plaintiff's motorcycle during a chase. Plaintiff attempted to offer into evidence two prior incidents in which the defendant police officer used his patrol car to stop a fleeing motorcyclist. The trial court allowed evidence of one prior incident, but held that the second

incident was inadmissible. On appeal the Eighth Circuit Court of Appeals ruled that both prior incidents were inadmissible under Fed. R. Evid. 404(b).

Section 1983 excessive force claims that arise in the context of an arrest must be analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386 (1989). This standard is entirely objective, and "an officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intention make an objectively unreasonable use of force constitutional." *Morgan*, 958 F.2d at 211, n. 2 (quoting *Graham*, 490 U.S. at 397). The Eight Circuit reasoned that, even if one were to assume that the evidence of the prior incident was otherwise admissible, it had no probative value concerning the claim of excessive force. It also had a prejudicial effect against the individual officer and should have been excluded under Fed. R. Evid. 403. *Morgan*, 958 F.2d at 212.

Under the *Graham* Fourth Amendment "objective reasonableness" standard, the officer's state of mind is irrelevant. Therefore evidence of other issues in which the officer used excessive force may not be introduced on the issue of intent. In *Robinson v. City of St. Charles, Mo.*, 972 F.2d 974 (8th Cir. 1992), plaintiffs sought to introduce the individual officers' personnel files as evidence

of prior bad acts and the municipality's knowledge of those acts. The district court ruled the files inadmissible against the individual officers and subsequently excluded the evidence against the municipality. Following the Fourth Amendment's standard of objective reasonableness, the Eighth Circuit held that the police officers' personnel records, containing notations of citizens complaints and other civil lawsuits, were not admissible to show whether the officers acted maliciously and sadistically for purposes of causing harm.

Any evidence sought to be introduced against Defendants is intended to show that they arguably had a propensity to act as violent persons or that they have a tendency to use more force than is reasonably necessary. The admission of such evidence clearly violates Rule 404(b)'s ban against other act evidence to show character or prior conduct. In *Hopson*, the court stated that "showing a 'proclivity to engage' in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [Rule 404(b)]". *Hopson v. Frederickson*, 961 F.2d at 1379. Similarly, in *Donald v. Rast*, 927 F.2d 379 (8th Cir.) *cert. denied*, 502 U.S. 827 (1991) it was held that evidence that an officer had been reprimanded on several occasions was properly excluded. In *Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) prior complaints against the police officer to show an aggravated state

of mind was held to be improper character evidence. Such evidence would clearly be offered to prove that Defendants acted in conformity with this purported character trait when dealing with Plaintiff Devon Seivers. Moreover, the introduction of "other acts" evidence will necessitate a series of mini-trials on the other circumstances. Once Plaintiff raises the issues, Defendants will need to call witnesses to refute Plaintiff's assertions. Given the compelling evidentiary reasons for excluding the evidence, the Court should decline any invitation to go on this long, but ultimately irrelevant, detour.

The sole remaining claim left for trial in this matter is a Section 1983 excessive force claim. The *Monell* claim against the City was dismissed upon summary judgment, and Plaintiff did not appeal that dismissal. Therefore, evidence and testimony of Defendant officers' past actions are irrelevant to Plaintiff's remaining claim. To allow admission of any of the above referenced exhibits and subsequent testimony would be probative of nothing but extreme prejudice to all Defendants. Therefore, Defendants respectfully request that Plaintiff be precluded from seeking any testimony pertaining to Defendant officers' past actions.

## II. Excluding evidence of income and any monetary losses stemming from the arrest, including but not limited to: lost wages, missed or additional music video shoots, damage to property, and $600 in seized currency.

Defendants anticipate that Plaintiff may attempt to offer testimony regarding damages stemming from the arrest. Anticipated claims of damages include, but are not limited to: lost wages and other income, missed video shoot(s), extra video shoot(s), damage to vehicle, and $600 dollars seized by sheriff's deputies. However, none of these damages are related to the remaining excessive force claim against Defendants Lysholm and Bulleigh. Rather, all wages, income, video shoot, and failure to recover $600 seized are related to Plaintiff's probable cause arrest by Hennepin County Sheriff's deputies, not the excessive force claim against the Minneapolis officers.

The Court found on Summary Judgment that probable cause existed for Plaintiff's arrest. Order at 9. Damages related to an arrest are not recoverable where probable cause for arrest exists. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Even if probable cause was lacking, the evidence would be inadmissible due to irrelevance. The court has "broad discretion in judging the relevance and admissibility of evidence." *U.S. v. York*, 830 F.2d 885, 889 (8th Cir. 1987). Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence. Rule 403

prohibits the admission of evidence "if it's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

The issue at this trial is whether Defendants used excessive force against Plaintiff. Any evidence showing damages resulting from the arrest are irrelevant to this issue and would present unfair prejudice and potential confusion for the jury. All monetary damages, loss of wages, income, rescheduled video shoots, the seized $600 cash, are all directly related to Plaintiff's arrest, not to the alleged use of force against him. Since the arrest is not at issue in this trial, damages related to the arrest are not properly at issue either and evidence concerning them should be excluded.

During Plaintiff's deposition, when questioned about his loss of income, and income in general, Plaintiff refused to answer questions concerning his income and sought the protections of the Fifth Amendment. Throughout these proceedings Plaintiff provided no discovery pertaining to his income or loss thereof. Therefore, in the alternative, should Plaintiff be allowed to give testimony regarding any alleged financial damages, Defendants request that a negative inference jury instruction be given.

**III.   Excluding testimony and argument that Defendants planted drugs.**

The Court determined that Plaintiff presented no evidence that Defendants planted drugs. As a result the Court granted summary judgment on the issue. Order at 8. Accordingly, any testimony and argument related to Plaintiff's allegation that Defendants planted drugs is irrelevant to the remaining claim of excessive force and should be excluded under Fed. R. Evid. 402.

An allegation that Defendants planted drugs in the squad car is unfairly prejudicial to Defendants. It unduly tars them with the specter of misconduct for which Plaintiff possesses no evidence. Rule 403 prohibits the admission of evidence "if it's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The unsupported allegation that the officers planted drugs is precisely the type of allegation that Rule 403 is designed to prohibit.

**IV.   Excluding opinions and statements that indicate racial animus on behalf of Defendants.**

The Court determined that Plaintiff presented no evidence that Defendants acted with racial animus. As a result the Court granted summary judgment on the issue. Order at 12. Accordingly, any testimony related to racial animus should be excluded under Rules of Evidence 402 and 403.

8

## V. Admitting the felony convictions of Plaintiff and several of his witnesses for purposes of impeachment.

Evidence of prior convictions is probative and admissible, particularly when credibility is a key factor in the jury's determination of the case. *See United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005); *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993). Should any of the following listed witnesses testify, Defendants intend to impeach their credibility under Fed. R. Evid. 609 with evidence of the following convictions:

(1) Devon Seivers (Plaintiff)   Case. No. 27-CR-08-37057   Dec. 16, 2008
    Domestic Assault by Strangulation
    Minn. Stat. § 609.247.02 (Felony):

(2) Brandon Jermaine Griffin   Case No. 62-CR-10-4354   July 28, 2010
    Domestic Assault by Strangulation
    Minn. Stat. § 609.247.02 (Felony):

(3) Brandon Jermaine Girffin   Case No. 27-CR-02-090469   Jan. 17, 2003
    Altered Serial Number on a Bicycle

    Minn. Stat. § 168C.08 (Petty Misdemeanor – Dishonesty):

(4) Terrell Cavanaugh Griffin   Case No. 27-CR-07-104555   Nov. 2, 2007
    Controlled Sub. Crime 5th Deg. Possession
    Minn. Stat. § 152.025.2(1) (Felony):

(5) Terrell Cavanaugh Griffin   Case No. 27-CR-07-014049   Nov. 2, 2007
    Controlled Sub. Crime 3rd Deg. Possession
    Minn. Stat. §152.023.2(1) (Felony- 3 grams or

        more cocaine, heroin or methamphetamines): and

(6) Terrell Cavanaugh Griffin Case No. 27-CR-02-090812  March 13, 2003
        Attempted Controlled Sub. Crime 2nd Deg. Sale
        Minn. Stat. § 152.022.1(1) (Felony- 3 grams or
        more cocaine, heroin, or methamphetamines)

        Attempted Controlled Sub. Crime 2nd Deg.
        Possession Minn. Stat. § 152.022. 2(1) (Felony- 6
        grams or more cocaine, heroin, or
        methamphetamines).

The trial court judge has discretion under Rule 403 to limit inquiry into past convictions. *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993). "Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Id.* (citing *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987)). Most jurors more than likely do not understand "the range of offenses connoted by the term "felony," and therefore, "need to know the specific crime in order to evaluate its effect on credibility." *Id.*

Where credibility is central, the Eighth Circuit Court of Appeals has held that the jury should be entitled to hear what the specific convictions are. *See id.* (citing *Jones v. Board of Police Comm'rs*, 844 F.2d 500, 506 (8th Cir. 1998) (holding introduction of defendant's past convictions for rape and forcible sodomy in his

§1983 case when the jury has to choose between conflicting versions of the evidence and credibility determinations were paramount)).  Credibility is paramount in this case.  Plaintiff has made fantastical accusations against police officers who claim to have not touched him.  Defendants have the right to both challenge Plaintiff on the facts, and attack his credibility with a prior conviction.

With regard to the alleged witnesses, their credibility is similarly crucial. They both have several convictions and must live with their past transgressions and the impact those have on them.  The various offenses will properly assist the jury in determining the truthfulness of the Griffins.

## CONCLUSION

Based on the foregoing, and the Court's prior rulings, Defendants Lysholm and Bulleigh respectfully request that the Court grant their motions in their entirety.

Dated:  May 23, 2011          SUSAN L. SEGAL
                              City Attorney
                              By

                              *s/ Gregory P. Sautter*
                              GREGORY P. SAUTTER (#326446)
                              Assistant City Attorney
                              DARLA J. BOGGS (#314912)
                              Assistant City Attorney
                              350 South Fifth Street, City Hall Room 210
                              Minneapolis, MN  55415
                              (612) 673-2683
                              ***Attorneys for Defendants***