UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Devon Seivers,<br><br>      **Plaintiff,**<br><br>v.<br><br>City of Minneapolis, Minneapolis Police Officers James Bulleigh (Badge #08060) and Daniel Lysholm (Badge #4309), both individually and officially, John Does and other unnamed Police Officers, and Timothy Dolan, Chief of Minneapolis Police, personally and individually,<br><br>      **Defendants.** | Court File No.: 09-CV-0816 (DSD/SER)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S WITNESSES TIMOTHY DOLAN AND PETER SUNDBERG** |

_____

Defendants respectfully submit this memorandum of law in support of their motion in limine to exclude testimony of Minneapolis Police Chief Timothy Dolan and Peter Sundberg.

**1.   Testimony from Plaintiff's designated witness Timothy Dolan should be excluded.**

As noted in Defendants' Statement of the Case, following the Court's summary judgment Order, Defendants request that the City of Minneapolis and Defendant Timothy Dolan be dismissed from these proceedings. Plaintiff's

inclusion of Timothy Dolan as a potential witness is irrelevant to the remaining claim of excessive force.  Plaintiff's *Monell* claim brought against Defendant Dolan and the City of Minneapolis was previously dismissed.

Plaintiff's request to include Chief Dolan is irrelevant, prejudicial and would work only to confuse the jury.  Therefore, based on Rules 401, 402 and 403, Defendants respectfully request that Plaintiff be precluded from calling Defendant Dolan as a witness in these proceedings.

## II.   Testimony from Plaintiff's designated witness Peter Sundberg should be excluded.

Plaintiff's witness list identifies for the first time "Peter Sundberg."  No where in Plaintiff's prior Rule 26(a) disclosures or within his answers to interrogatories, has Plaintiff ever identified this person.  Pursuant to Fed. R. Civ. P. 26(a), Plaintiff has a duty to disclose and supplement prior discovery responses regarding the identity of each person to be called as a witness at trial.  Failure to do make such disclosures permits the Court to enter an order prohibiting introductions of nondisclosed witnesses.  *Id.*  Rule 26(a) and 37(c) "permit a court to exclude untimely evidence unless the failure to disclose was

either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

Here, Plaintiff provided Defendants with Rule 26(a) Disclosures on April 29, 2011. No where within those disclosures, did Plaintiff note Mr. Peter Sundberg, as a potential witness pertaining to the claims presented herein. *See* Boggs Decl., Ex. A, Pltf.'s Rule 26(a) Disclosures, dated 4/28/11. Even if the witness or witnesses may be known to the opposing party, where they were not been disclosed prior to appearing on a trial witness list, courts have rightfully excluded such testimony. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (stating a defendant's "use of the undisclosed witness would have unfairly prejudiced plaintiffs at trial, even if the witness had been identified or referenced somewhere in the course of discovery."). "Merely making a passing reference to a potential witness in a deposition" or document production "is insufficient to comply with the [sic] Rule 26's disclosure requirements." *Danes v. Senior Residential Care of America, Inc.*, 2007 WL 30880, at *4 (E.D. Wis. Jan. 4, 2007).

Plaintiff's efforts to include Mr. Sundberg at this late date would unfairly prejudice Defendants, as they would not have a fair understanding of the scope

of Mr. Sundberg's testimony. Moreover, Mr. Sundberg has no knowledge of the present chain of events relevant to these proceedings and can only speak to the facts surrounding an unrelated incident that occurred in 2002. To the best of Defendants' knowledge neither Defendant Lysholm nor Defendant Bulleigh were involved in the 2002 incident. Pursuant to the Federal Rules of Evidence 401, 402 and 403, any testimony from Mr. Sundberg would be irrelevant, confusing, and work only to delay these proceedings. Therefore, testimony from any persons to be called as a witness on the behalf of Plaintiff not previously identified and fully disclosed as required by Fed. R. Civ. P. 26(a), should be excluded.

    Plaintiff apparently intends present testimony from Mr. Sundberg pertaining to facts regarding an incident that occurred in 2002. Although

## CONCLUSION

Based on the foregoing, and the Court's prior rulings, Defendants Lysholm and Bulleigh respectfully request that the Court grant their motions in their entirety.

Dated:  May 31, 2011                              SUSAN L. SEGAL
                                                  City Attorney
                                                  By

                                                  *s/ Darla J. Boggs*
                                                  GREGORY P. SAUTTER (#326446)
                                                  Assistant City Attorney
                                                  DARLA J. BOGGS (#314912)
                                                  Assistant City Attorney
                                                  350 South Fifth Street, City Hall Room 210
                                                  Minneapolis, MN  55415
                                                  (612) 673-2683
                                                  ***Attorneys for Defendants***